IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA ROSE HANSELMANN d/b/a STUDIO JESSICA ROSE,<br><br>                Plaintiff,<br><br>   v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,<br><br>                Defendants. | Case No. 25-cv-00385<br><br>**Judge Lindsay C. Jenkins** |

**DEFAULT JUDGMENT ORDER as to certain defendants.**

This action having been commenced by JESSICA ROSE HANSELMANN d/b/a STUDIO JESSICA ROSE ("Hanselmann" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Hanselmann having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Hanselmann having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Hanselmann has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Hanselmann's federally registered copyrights, which are protected by U.S Copyright Registration Nos. VA 2-411-833; VA 2-411-829; and VA 2-411-835 (the "Jessica Rose Works") to residents of Illinois. In this case, Hanselmann has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Jessica Rose Works. *See* Docket No. [18], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Jessica Rose Works

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Hanselmann's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Jessica Rose Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Jessica Rose product or not authorized by Hanselmann to be sold in connection with the Jessica Rose Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Jessica Rose product or any other product produced by Hanselmann, that is not Hanselmann's or not produced under the authorization, control, or supervision of Hanselmann and approved by Hanselmann for sale under the Jessica Rose Works;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Hanselmann or are sponsored by, approved by, or otherwise connected with Hanselmann; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Hanselmann, nor authorized by Hanselmann to be sold or offered for sale, and which bear any of Hanselmann's copyrights, including the Jessica Rose Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants or in connection with any of the Defaulting Defendants' Defendant Internet stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Jessica Rose Works; and

   b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Jessica Rose Works or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Jessica Rose product or not authorized by Hanselmann to be sold in connection with the Jessica Rose Works.

3. Upon Hanselmann's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Jessica Rose Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Hanselmann is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful

use of infringing Jessica Rose Works on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon and Walmart, are hereby released to Hanselmann as partial payment of the above-identified damages, and Third Party Providers, including Amazon and Walmart, are ordered to release to Hanselmann the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Hanselmann has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Hanselmann shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Hanselmann identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Hanselmann may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2to the Declaration of Jessica Rose Hanselmann and any e-mail addresses provided for Defaulting Defendants by third parties.

9. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a Default Judgment.

Dated: 3/4/2025
EnterL 25-cv-385

Lindsay C. Jenkins
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 |  |
| 2 | XVREFD(7-14 Days Arrives) |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 | ZIXZMD Lightning Deals of Today Prime 2024 |
| 8 |  |
| 9 |  |
| 10 |  |
| 11 |  |
| 12 |  |
| 13 |  |
| 14 | XHRBSI（Autumn Sale Up to 50% off） ★★★★★ |
| 15 |  |
| 16 |  |
| 17 |  |
| 18 | todays daily deals clearance Aunimeifly |
| 19 |  |
| 20 |  |
| 21 |  |
| 22 |  |
| 23 |  |
| 24 |  |
| 25 | CylLIIjian |
| 26 | 【7-14 Days Delivery】Fawn Clothing |
| 27 |  |
| 28 | Geeun |
| 29 |  |
| 30 |  |
| 31 |  |
| 32 | QiBuss |
| 33 |  |
| 34 | ToSinno |
| 35 |  |
| 36 |  |
| 37 | dsunrise |
| 38 |  |
| 39 |  |

| | |
|---|---|
| 40 | |
| 41 | |
| 42 | WRRFJLJJF |
| 43 | |
| 44 | |
| 45 | |
| 46 | |
| 47 | |
| 48 | Wanjunyaoi |
| 49 | |
| 50 | ArceesShop |
| 51 | |
| 52 | |
| 53 | |
| 54 | |
| 55 | |
| 56 | GCmandwe |
| 57 | GUijsfded |
| 58 | |
| 59 | zhuoyishengyun |
| 60 | |
| 61 | |
| 62 | |
| 63 | huiyachangshangmao1 |
| 64 | yongxiangfafafa |
| 65 | lxy-usa |
| 66 | kuailedian |
| 67 | WUYANGDEDIAN |
| 68 | FXX-AMZ |
| 69 | PINGZHIHAODIAN |
| 70 | ZHENGHAOZHUBAO |
| 71 | mingshengtaihe |
| 72 | |
| 73 | Jwentye |
| 74 | guohuawoqiong |
| 75 | |
| 76 | |
| 77 | |
| 78 | |
| 79 | |
| 80 | Monlando |
| 81 | chentin123456 |
| 82 | |

| | |
|---|---|
| 83 | Lifehobby |
| 84 | |
| 85 | TIKONT |
| 86 | |
| 87 | ZQWY |
| 88 | |
| 89 | |
| 90 | YAROELRD Store US |
| 91 | SK Trading Co., |
| 92 | |
| 93 | |
| 94 | zhengqiufendianpu |
| 95 | |
| 96 | |
| 97 | |
| 98 | |
| 99 | |
| 100 | FO&OSOBEIT |
| 101 | |
| 102 | MarsForce |
| 103 | |
| 104 | |
| 105 | |
| 106 | |
| 107 | zhenglingdian |
| 108 | |
| 109 | QWKLEAJ |
| 110 | |
| 111 | IERUPQWOE |
| 112 | ewomo |
| 113 | |
| 114 | |
| 115 | |
| 116 | Beautyai |
| 117 | |
| 118 | |
| 119 | |
| 120 | |
| 121 | |
| 122 | |
| 123 | |
| 124 | |
| 125 | |

9

| | |
|---|---|
| 126 | FLani |
| 127 | |
| 128 | |
| 129 | |
| 130 | YANUANjai |
| 131 | |
| 132 | |
| 133 | |
| 134 | |
| 135 | |
| 136 | |
| 137 | |
| 138 | |
| 139 | Cocsini |
| 140 | GUANGYONG |
| 141 | Fashion Trend Clothing |
| 142 | Wavtir |
| 143 | LDCDGS |
| 144 | |
| 145 | Jkdsfwq |
| 146 | Yzengfg |
| 147 | bikahdHB |
| 148 | |
| 149 | |
| 150 | Xiuexe Fashion |
| 151 | RuiRuiYi Co., LTD |
| 152 | |
| 153 | |
| 154 | guangzhouruimiaokaikejiyouxiangongsi |
| 155 | Zhanuwin |
| 156 | EHQJNJ |
| 157 | |
| 158 | |
| 159 | Tsuki |
| 160 | Beskino |
| 161 | Kiyya Fashion |
| 162 | |
| 163 | |
| 164 | |
| 165 | |
| 166 | |
| 167 | |
| 168 | |

| | |
|---|---|
| 169 | |
| 170 | Daochuxuangongsi |
| 171 | Shengtianye Co., Ltd. |
| 172 | SIYECAOH |
| 173 | |
| 174 | |
| 175 | |
| 176 | |
| 177 | |
| 178 | ZhijianhengEcommerce |
| 179 | |
| 180 | |
| 181 | |
| 182 | |
| 183 | |
| 184 | |
| 185 | |
| 186 | Rkuupa |
| 187 | VBARHMQRT |
| 188 | Klyl |
| 189 | Fnapos |
| 190 | |
| 191 | Tianstore |
| 192 | ahonZAS |
| 193 | |
| 194 | HUMORAND |
| 195 | |
| 196 | yingrun |
| 197 | haoyuweilai |
| 198 | yunzhijia |
| 199 | yamei |
| 200 | guangyuanhongsheng |
| 201 | kaidianbao |
| 202 | hengzhengmaoyi |